AO 91 (REV 5/85) Criminal Complaint    AUSA Patrick C. Pope (312) 353-1980

**FILED**

SEP 2 9 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

v.

OMARI ANDREWS

**DOCKETED**
OCT x 1 2004

CRIMINAL COMPLAINT

CASE NUMBER: 04CR0860

MAGISTRATE JUDGE MASON

I, Tony Heiserman, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about June 11, 2004, in Cook County, in the Northern District of Illinois, defendant

did knowingly and intentionally possess with the intent to distribute controlled substances, namely, mixtures containing cocaine base in the form of crack cocaine, a Schedule II Narcotic Drug Controlled Substance,

in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives, and that this complaint is based on the following facts:

**See attached affidavit.**

Continued on the attached sheet and made a part hereof: _X_ Yes ___ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

September 29, 2004              at    Chicago, Illinois
Date                                   City and State

Michael T. Mason
United States Magistrate Judge
Name & Title of Judicial Officer         Signature of Judicial Officer

COUNTY OF COOK )
STATE OF ILLINOIS )

## AFFIDAVIT

I, Tony Heiserman, being first duly sworn on oath, state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") and have been so employed for over 3 years. My duties include investigating violations of federal firearms laws, violent crimes, and narcotics violations.

2. This affidavit is based on my observations, my review of reports and notes related to this case, my conversations with other law enforcement personnel, and information from other sources. This affidavit is submitted for the limited purpose of establishing probable cause in support of the attached criminal complaint and therefore contains only a summary of the relevant facts known to me and other law enforcement officers. I have not included each and every fact known by me or other law enforcement officers concerning the individuals and events described herein.

3. On June 11, 2004, Evanston Police Officers Tim VanDyk and Kevin Hindes observed a Chrysler 300 sedan bearing Illinois License plate 495 2119 parked in front of 741 Howard Street in Evanston, Illinois. A computer records check conducted by the officers revealed that this vehicle had been reported stolen out of Chicago, Illinois. A short time later, the officers observed Omari ANDREWS and Individual A enter the stolen car and drive away. ANDREWS was driving the stolen car.

4. The officers followed ANDREWS and Individual A and observed ANDREWS attempting to conceal something in the center console of the stolen car. A short time later, ANDREWS parked the stolen car at 7529 Hoyne and both men exited and walked away from the

stolen car. The officers approached and placed both men into custody, informing ANDREWS that the car had been reported stolen out of Chicago. ANDREWS claimed that he had rented the car, but could not produce any rental agreement.

5. The officers then searched the stolen car, and found, in the center console, a plastic bag containing another plastic bag which contained 5 large chunks of crack cocaine and thirteen smaller plastic bags each containing a small rock of crack cocaine. In addition, the officers recovered over 200 small plastic bags and a razor blade from the stolen car's center console.

6. ANDREWS and Individual A were then taken to the police station. ANDREWS was advised of his *Miranda* rights by Officer Hindes, and ANDREWS orally waived them. During the subsequent interview, ANDREWS stated, among other things, that he and Individual A had purchased the crack cocaine from one of ANDREWS's narcotics suppliers, and that the two men had planned on selling the crack after they had driven south.

7. On July 1, 2004, Illinois State Police Forensic Scientist Michelle Etheridge tested the rock-like substances recovered from ANDREWS and found the substances to contain approximately 15.4 grams of cocaine base.

_____
Tony Heiserman
Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to and subscribed before me this 29th day of September 2004.

_____
MICHAEL T. MASON
U.S. MAGISTRATE JUDGE